154 So. 126

**RIDGEWAY v. STATE.**

**5 Div. 929.**

Court of Appeals of Alabama.

April 17, 1934.

Chas. S. Moon, of La Fayette, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment, in proper form and substance, charged this appellant with the offense of having in his possession a still, etc., to be used for the purpose of manufacturing or distilling prohibited liquors or beverages contrary to law. The second count charged

112

him with distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol.

The evidence was insufficient to sustain a conviction under the second count of the indictment, but the corpus delicti was fully proven as to the charge contained in the first count, and upon this count the conviction of this appellant was based. The verdict of the jury was: "We the jury find the defendant guilty as charged in the first count of the indictment."

The defendant requested in writing the general affirmative charge as to the first count. The court refused this charge, and this action of the court presents the only point of decision on this appeal. No exceptions otherwise were reserved to the court's rulings.

The evidence upon the part of the state tended to show that this appellant was present at the still in question and was actively engaged in the preparation to operate the still, the testimony of the state witnesses detailing his acts and conduct in this connection.

The defendant admitted his presence at the still at and before the time of the raid, and admitted also that he ran at the approach of the officers, and was captured and arrested a short distance from the still when he ran into a briar patch and could proceed no further. He stoutly denied, however, that he in any manner assisted in preparing to "make a run," and insisted he did no act in this connection. Also that he had no interest in the still nor its possession. He offered other evidence than his own tending to corroborate him.

This direct conflict in the evidence made a jury question. This being true, the court properly refused the affirmative charge aforesaid, for where there is material conflict in the evidence the affirmative charge is inapt and the court is without authority to direct a verdict. The evidence adduced was in our opinion ample to support the verdict of the jury, and sufficient to sustain the judgment of conviction pronounced and entered. No motion for a new trial was made.

Finding no error in the court's ruling complained of, and the record itself being regular in all things, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.